**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4480**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CLYDE ALLEN NEWILL,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  James C. Turk, Senior District Judge. (CR-03-97)

_____

Submitted: February 7, 2005          Decided:  March 1, 2005

_____

Before NIEMEYER, TRAXLER, and DUNCAN, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded with instructions by unpublished per curiam opinion.

_____

W. Barry Montgomery, KALBAUGH, PFUND & MESSERSMITH, Richmond, Virginia, for Appellant. John L. Brownlee, United States Attorney, Joseph W. H. Mott, Assistant United States Attorney, Yolanda Hibbler, Third Year Law Intern, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Clyde Allen Newill was found guilty by a jury of conspiracy to distribute less than 500 grams of cocaine in violation of 21 U.S.C. § 846 (2000), and three counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2000). On appeal, Newill contends the district court erred at sentencing by increasing his base offense level above the base offense level warranted by the facts found by the jury beyond a reasonable doubt. We find the imposition of the sentence was not consistent with the rules announced in United States v. Booker, 125 S. Ct. 738, 2005 WL 50108 (2005). Accordingly, while we affirm the convictions, we vacate the sentence and remand with instructions for resentencing.

A jury found Newill was responsible for less than 500 grams of cocaine. At sentencing, Newill's offense level was based in part upon trial testimony showing that Newill may have distributed in excess of 500 grams of cocaine and 3.5 grams of methamphetamine. Newill's offense level was arrived at by combining the two drugs by using the Drug Equivalency Tables. Accordingly, Newill's offense level was higher than if the quantity of cocaine found by the jury was the only drug considered. Newill challenged at sentencing the drug quantity by arguing he was being sentenced based upon drugs not found by the jury beyond a reasonable doubt.

- 2 -

We find Newill's sentence is in violation of the rule announced in United States v. Booker, 125 S. Ct. 738, 2005 WL 50108 (2005). Booker held that the "Sixth Amendment is violated when a district court, acting pursuant to the Sentencing Reform Act and the guidelines, imposes a sentence greater than the maximum authorized by the facts found by the jury alone." United States v. Hughes, __ F.3d __, 2005 WL 147059, *3 (4th Cir. Jan. 24, 2005). In Booker, the Supreme Court severed and excised two provisions of the Sentencing Reform Act: 18 U.S.C. § 3553(b)(1), requiring sentencing courts to impose a sentence within the guideline range, and 18 U.S.C. § 3742(e), setting forth standards of review on appeal. The Supreme Court held that the remainder of the guidelines remain as advisory, requiring a sentencing court to consider applicable guidelines ranges, but allowing the court to "tailor the sentence in light of other statutory concerns . . . ." Booker, 2005 WL 50108, at *38.

In Hughes, we found Hughes' sentence exceeded the maximum sentence authorized by the facts found by the jury alone, in violation of Booker. We vacated the sentence and remanded with instructions for resentencing.

While we affirm Newill's convictions, we vacate the sentence and remand with instructions for resentencing consistent

- 3 -

with the rules announced in <u>Booker</u> and <u>Hughes</u>.[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, VACATED IN PART,
AND REMANDED WITH INSTRUCTIONS</u>

---

[*]We have reviewed the district court's findings with respect to drug quantity and find it supported by a preponderance of the evidence.  <u>United States v. Vinson</u>, 886 F.2d 740, 741-42 (4th Cir. 1989).